Marcus C. Henderson
P.O. Box 622
Ellenwood, GA  30294
(770) 595-3591

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 14 2011

JAMES N. HATTEN, Clerk


# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF GEORGIA

# ATLANTA DIVISION

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION<br>1544 Old Alabama Road<br>Roswell, GA 30076,<br><br>   Petitioner,<br><br>vs.<br><br>Marcus Caron Henderson "And All Others"<br>1880 E Farris Ave<br>East Point, Georgia,<br><br>   Defendants. | Case No.: 1:11-CV-0789 TCB<br><br>**NOTICE OF REMOVAL AND**<br><br>**MOTION FOR MORE**<br><br>**DEFINITE STATEMENT** |

To:  The Honorable Judges and Clerk of the United States
     District Court for the Northern District of Georgia, Atlanta Division

Marcus Henderson moves that the above-entitled cause commenced in the Justice Court of Fulton County, against the named defendants, be removed to this Court, and in support thereof state:

1.  On March 2, 2011, Plaintiff FEDERAL NATIONAL MORTGAGE

NOTICE OF REMOVAL and MOTION FOR MORE DEFINITE STATEMENT

1

ASSOCIATION filed Complaint No. 11ED519780 in the Magistrate Court of Fulton County. This action was a Proceeding Against Tenant Holding Over, currently scheduled for appearance "between 8:30 A.M. and 5:00 PM on or before" Thursday, March 17, 2011.

2. Pursuant to 28 U.S.C. § 1446, this notice of removal is timely filed within thirty days after the receipt by Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which this action or proceeding is based. Defendant received the copy on Mar 10, 2011.

3. All Defendants consent to this Removal action.

4. Defendants have taken no action in the Magistrate Court of Fulton County that would prejudice their right to removal.

5. The United States District Court has original jurisdiction over this case under 28 U.S.C. § 1332(a) in that the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs and the action is between citizens of different States. The face of the Summons and Complaint shows the Plaintiff's name as FEDERAL NATIONAL MORTGAGE ASSOCIATION. The Summons and Complaint shows Plaintiff sharing a mailing address with its attorney, McCalla Raymer, at 1544 Old Alabama Road, Roswell, GA 30076, however the true address of FEDERAL NATIONAL MORTGAGE ASSOCIATION headquarters is 3900 Wisconsin Avenue, NW, Washington, DC 20016-2892. Defendants therefore allege, until further information is available, that Plaintiff is a citizen of the District of Columbia. Defendants, while having "possession" of the Georgia property at issue, are domiciled in Texas and are therefore citizens of Texas. The amount in controversy, while not alleged in the Complaint, is the value of possession of a residential dwelling, which can be calculated as the sum total of rental payments for a comparable property from unspecified the time of the "foreclosure sale" until the end of time. The value of the property is never alleged, but typical home values and rental rates are a matter of public record, and under any reasonable assumptions, that amount exceeds $75,000.

6.  This action may be removed to this Court by the Defendant, pursuant to the provisions of 28 U.S.C. § 1441(b),(c) and according to the procedure in 28 U.S.C. § 1446.

7.  Promptly after filing this notice of removal, the Defendant will serve a copy upon Petitioner and will file a copy with the clerk of the Magistrate Court of Fulton County.

## MOTION FOR MORE DEFINITE STATEMENT

8.  Defendants move for a more definite statement of the Petition.

9.  Defendants deny that FEDERAL NATIONAL MORTGAGE ASSOCIATION exists as a proper legal entity.

10. Defendants deny that FEDERAL NATIONAL MORTGAGE ASSOCIATION is the real party in interest.

11. Defendants deny that Melody R. Jonas, Esq., or A. Drew Powers, Esq. or McCalla Raymer, LLC is or are the attorney(s) representing Plaintiff.

12. Plaintiff's allegations are so vague and confusing that it is impossible to determine the claims made against each of these Defendants.

13. Plaintiff has not identified the transaction(s) or a sufficient set of facts to apprise Defendants of the basis of the claims being made.

14. Rule 12(e) of the FEDERAL RULES OF CIVIL PROCEDURE authorize a defendant to move for a more definite statement when the pleading is so vague or ambiguous that the defendant "cannot respond, even with a simple denial, in good faith or without prejudice to himself." Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1376 (1990); see, e.g., Elliott v. Perez, 751 F.2d 1472 (5th Cir. 1985). Plaintiff's Petition does not comply with Rule 8 or Rule 9(b) of the Federal Rules of Civil Procedure

15. Plaintiff's Petition does not comply with Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires that a pleading setting forth a claim for relief shall contain (1) "a short and plain statement of the grounds upon which the Court's jurisdiction depends" and (2) "a short

and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's pleadings are contradictory and confusing and allege conclusions without facts.

16.  For example, Plaintiff's second allegation, "Affiant is the Attorney of the owner of said premises" is conclusory and not factual. Plaintiff fails to allege any facts to support the conclusion "owner."

17.  Plaintiff's third allegation, "Defendant [sic] is [sic] a [sic] tenant [sic] at sufferance after foreclosure sale" is conclusory and not factual. Plaintiff fails to allege any facts to support the conclusion "tenant at sufferance." In addition, Plaintiff does not seem to know whether it is alleging one Defendant, or several Defendants.

18.  The Complaint is contradictory, naming "PLAINTIFF'S ATTY" as "McCalla Raymer, LLC" but also stating that "Affiant is the Attorney of the owner of said premises" and naming "Affiant" as "A. Drew Powers, Esq."

19.  Laws of a foreign jurisdiction (and in this particular the several states and the United States are treated as foreign to each other) are facts which must, like other facts, be proved before they can be received in court. See A. & E. Encycl. of L., 2d Edition (1898), page 882; see also People v. Lambert, 72 Am. Dec. 49. There are no specific allegations of Georgia law.

20.  There is no allegation of damage or an injured party.

21.  Plaintiffs' allegations and claims are so vague, confusing and conclusory that Defendants cannot adequately defend or respond to Plaintiffs' claims or causes of action for lack of particularity. Defendants ask this Court for an Order compelling Plaintiffs to provide a plain statement of the underlying facts and basis of their claims against each of the Defendants, and make more definite statements supporting Plaintiffs' claims to forcible detainer.

**WHEREFORE**, Defendants remove the above entitled action now pending in the Magistrate Court of Fulton County, State of Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division, and pray that the Court compel Plaintiff to re-plead as requested herein, and for such other and further relief to which Defendants may show themselves to be entitled.

DATED this 14th day of March, 2011.

_____
Marcus C. Henderson

## CERTIFICATE OF SERVICE

I, the undersigned, being over eighteen years of age, hereby certify that on the date last written below, a true and correct copy of the foregoing was served on the following parties:

**FEDERAL NATIONAL MORTGAGE ASSOCIATION**
**c/o A. Drew Powers, Esq.**
**McCalla Raymer, LLC**
1544 Old Alabama Road
Roswell, GA 30076

by:

__X___ United States Postal Service, ordinary first class mail
_____ United States Postal Service, certified or registered mail, return receipt req.
_____ Hand delivery
__X___ FAX Number: 800-870-1445
_____ other (specify)

Mar 14th, 2011            /s/ _____

NOTICE OF REMOVAL

5

# MAGISTRATE COURT OF FULTON COUNTY
PROCEEDING AGAINST TENANT HOLDING OVER

PLAINTIFF'S NAME, ADDRESS & PHONE NO.
VS.

DEFENDANT'S NAME & ADDRESS                                   PLAINTIFF'S ATTY. NAME, ADDRESS & PHONE

1. Defendant is in possession as tenant of premises at the address in Fulton County as stated.
2. Affiant is the ( ) Owner, ( ) Attorney, ( ) Agent, ( ) Lessee of the owner of said premises.
3. Tenant ( ) fails to pay the rent which is now past due.
   ( ) holds the premises over and beyond the term for which they were rented or leased to him.
   ( ) other grounds: _____
4. Plaintiff desires and has demanded possession of the premises.
5. Defendant has failed and refused to deliver possession of the premises.

WHEREFORE, Plaintiff DEMANDS:
(a) possession of the premises.
(b) past due rent of $ _____ for the month(s) _____
(c) rent accruing up to the date of judgment of vacancy at the rate of $ _____ per _____
(d) other: _____

AFFIANT                                                      FILED IN OFFICE, THIS

PHONE NO                                                     CLERK
                                                             Notary Public
SUMMONS

TO: THE CONSTABLE MARSHAL of the State Court of Fulton County or his lawful deputies and to the Sheriff of Fulton County or his lawful deputies.

GREETING: The defendant(s) herein is are commanded and required personally or by attorney to appear in Room TG400, Justice Tower, 185 Central Avenue, S.W. Atlanta, Georgia, between 8:30 A.M. and 5:00 PM. on or before the SEVENTH day from the date of service of the within affidavit and summons (or on the first business day thereafter IF the seventh day falls on Saturday or Sunday or legal holiday) to answer the affidavit in writing or orally in person. If the answer is NOT made, a Writ of Possession shall issue instanter.

WITNESS the Honorable Chief Judge of said Court
The above affidavit was sworn to and subscribed before the undersigned Deputy clerk by affiant as provided by O.C.G.A. 44-7-50 and summons issues pursuant thereto
This _____                                              _____ DEPUTY CLERK

· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·

CONSTABLE MARSHAL ENTRY OF SERVICE
I have served the foregoing affidavit & summons on the Defendant(s) by delivering a copy of same: ( ) Personally ( ) Notoriously (name) _____ ( ) By posting a copy to the door of the premises & depositing a copy in the U.S. Mail, First Class in an envelope properly addressed, said copy containing notice to the Defendant(s) to answer at the hour & place in said summons.
DATE OF SERVICE: _____                                  _____ D.M.
DEFENDANT TO ANSWER ON OR BEFORE: _____

· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·

WRIT OF POSSESSION
You are hereby commanded to remove said Defendant(s) together with his property therein from said house and premises and to deliver full and quiet possession of same to Plaintiff herein.
This _____                                              _____ JUDGE
PER ORDER DATED _____

TENANT: [ ] VACATED  [ ] EJECTED  [ ] SETTLED W PLAINTIFF  [ ] HELD UP  [ ] LABOR
DATE: _____                                             DEPUTY MARSHAL